STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff and Counterdefendant-Appellee, v. TIMOTHY MURPHY et al., Defendant and Counterplaintiff-Appellant.

Second District (1st Division)   No. 75-140

Opinion filed June 3, 1976.

E. T. Cunningham, of Chicago, for appellant.

Ross P. Toran and Carl F. Schroeder, both of Querrey, Harrow, Gulanick & Kennedy, of Wheaton, for appellee.

Mr. JUSTICE HALLETT delivered the opinion of the court:

Joseph Picchi, one of four persons injured in a three-car collision, seeks to hold the State Farm Mutual Automobile Insurance Company liable either on a $100,000 per accident policy which it had issued to the driver at fault (although it had paid out the limits of that policy to other claimants) or under the "uninsured motorist" coverage in his father's policy. The lower court ruled that the insurer had no obligation to him under either policy. We agree and affirm.

There is no dispute as to the facts in this case. On July 19, 1970, Timothy Murphy, while driving, was involved in a three-car collision. Mr. Picchi

was one of the passengers in Murphy's automobile. Four persons were injured.

At the time of the accident, Timothy Murphy was insured by State Farm under an automobile liability policy which provided limits of $50,000 per person and $100,000 per occurrence. Joseph Picchi's father also had a State Farm automobile liability policy which, as required by Illinois law, afforded coverage for injuries caused by "uninsured" motor vehicles. Since Joseph Picchi was a member of his father's household, he was included in this coverage.

As a result of the accident, four claims were made against Timothy Murphy. One claim was settled for $200; another was settled during the course of trial for $50,000 and a third was settled after judgment (for $50,000 compensatory damages and $5,000 punitive damages) for $49,800. These payments exhausted the policy limits of Murphy's policy.

On April 10, 1972, less than a month before the last two settlements, Joseph Picchi filed suit against Timothy Murphy and another driver for the injuries he had suffered in the 1970 accident. Since the entire $100,000 "per occurrence" limit of Murphy's policy had been paid out, State Farm, reserving its rights to deny liability, obtained counsel to defend Murphy in the tort action and, through separate counsel, filed a declaratory judgment action contending:

1. That there were no sums still payable under its policy issued to Timothy Murphy since the policy limits had been exhausted; and

2. That, since the policy limits had been exhausted, it had no duty to defend Timothy Murphy in any pending or subsequent lawsuits for damages arising out of the July 19, 1970, accident.

Joseph Picchi was named as an additional defendant in the declaratory judgment action and he filed a counterclaim, praying for a declaration that he was covered under the uninsured motor vehicle coverage of his father's policy. Apparently the driver Murphy did not enter an appearance in the action.

The court, after hearing arguments and filing a well-reasoned opinion, granted the plaintiff the relief prayed for, and denied Picchi's counterclaim.

■■ Before turning to the contentions of the parties on appeal, we note that the defendant Murphy did not answer the complaint and did not appeal. Accordingly, the issue of the insurer's duty to defend Murphy, or pay for the costs of defense, is not before the court. The fact that an insurer does not have a duty to pay a claim does not necessarily mean that it has no duty to defend. 7A Appleman, Insurance Law and Practice §§4684, 4685, 4691 (1962).

The appellant, who is not the insured under Murphy's policy but only the injured party, contends *first* that, the insurer has an obligation to its

insured to exercise diligence and to act in good faith in settling all claims against the insured, and that it is therefore not exonerated merely because it has paid out its policy limits.

■■■ The insurer is given the right both by policy and by statute to settle claims against its insured. (7A Appleman, Insurance Law and Practice §4711 (1962); Motor Vehicle Code section 7—317(f), Ill. Rev. Stat. 1973, ch. 95½, par. 7—317(f).) And it is provided in the statute that as long as the settlement is made in good faith the amount of the settlement is subtracted from the amount of the policy limits. This is true even though there are several claimants, as the insurer has the right to settle claims in good faith even though such payments exhaust the policy limits of the insured's policy so that a subsequent judgment creditor cannot collect on the policy. (8 Appleman, Insurance Law and Practice §4892 (1962).) The insurer is not exonerated if the prior settlements were not in good faith (*Obad v. Allstate Insurance Co.* (1967), 27 App. Div. 2d 795, 279 N.Y.S. 2d 128), or if the insurer in some other way, such as a failure to inform the insured of the danger of excess liability, breached its duty of good faith towards its insured (*Fireman's Fund Insurance Co. v. Santoro* (1st Cir. 1967), 376 F.2d 157). However, the defendant Picchi has neither alleged that the insurer acted in bad faith or introduced any evidence tending to so prove. Yet it is for the insured or the judgment creditor who is attempting to collect beyond the policy limits to prove that the insurer acted in bad faith. *(Powell v. Prudence Mutual Casualty Co.* (1967), 88 Ill. App. 2d 343, 232 N.E.2d 155.) Where no bad faith is alleged or shown, it is presumed that an insurer acted in good faith and within its rights under its policy in settling with an injured party. *Early Settlers Insurance Co. v. Schweid* (D.C. App. 1966), 221 A. 2d 920 (suit for contribution).

■■ The insurance company also contends, citing *Yelm v. Country Mutual Insurance Co.* (1970), 123 Ill. App. 2d 401, 259 N.E.2d 83, that Picchi, being only an injured party and not an insured, has no standing to question the manner in which the plaintiff discharged its obligations to Murphy. That case, which merely held that a judgment creditor cannot seek to recover the amounts over the policy limits on the basis of the insurer's bad faith or negligent failure to settle absent an assignment by the insured of his cause of action, is not in point here. The insurer here sought a declaration that it was not liable under its policy to Picchi although the accident was covered by the policy. This nonliability was dependent on the fact that it had already paid out the limits of the policy *in good faith.* Accordingly, the defendant-counterplaintiff was entitled to have raised the issue of good faith below. He did not and therefore cannot raise it on appeal.

The appellant's second contention is that, since he cannot recover under Murphy's policy, Murphy was "uninsured" as to him and that he therefore can recover under the "uninsured motorist" coverage of his father's policy.

"Uninsured" does not mean "underinsured" as long as the tortfeasor's policy met the minimum statutorily required limits (*Kemp v. Fidelity & Casualty Co.* (Tex. Civ. App. 1973), 504 S.W.2d 633), and the insured cannot recover from his own insurer simply because the tortfeasor's insurance, while sufficient to meet the minimum statutory requirements, is insufficient to satisfy his judgment. *Smiley v. Estate of Toney* (1969), 44 Ill. 2d 127, 254 N.E.2d 440, where our Supreme Court through Mr. Justice Schaefer, at page 132, said:

> "* * *As we read the statute, mandatory coverage is required only up to the amounts required by the financial responsibility law. The cases that have permitted recovery under uninsured motorists clauses although the tortfeasor was actually insured, were cases in which the latter was insured in an amount less than that required by the applicable financial responsibility law."

■■ The counterplaintiff seeks to distinguish *Smiley* on the basis that there the insured did recover $10,000 from the tortfeasor's insurer. The court in *Smiley*, however, did not make the distinction. The purpose of the statute is to require that a minimum amount of insurance be available to an injured insured which would place him in substantially the same position he would have occupied had the tortfeasor complied with the minimum requirements of the Financial Responsibility Act (*Ullman v. Wolverine Insurance Co.* (1969), 105 Ill. App. 2d 408, 244 N.E.2d 827, *aff'd*, 48 Ill. 2d 1, 269 N.E.2d 295.) Here that basic insurance protection did exist, although the insured, because of the existence of other claimants, did not benefit from it. Accordingly, the motorist was not uninsured and Picchi cannot recover from his own insurer. *Villarreal v. Texas Farmers Insurance Co.* (Tex. Civ. App. 1974), 510 S.W.2d 633; *Kemp v. Fidelity & Casualty Co.* (Tex. Civ. App. 1973), 504 S.W.2d 633, error refused, n.r.e.; *Golphin v. Home Indemnity Co.* (Fla. App. 1973), 284 So. 2d 442.

For the foregoing reasons the judgment is affirmed.

Affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.