JOHANNA MARIE ZURICH, Plaintiff-Appellee, *v.* COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellant.

Second District   No. 77-396

Opinion filed October 23, 1978.—Rehearing denied November 28, 1978.

William J. Gleason, of Kell, Conerty & Poehlmann, of Woodstock, for appellant.

David A. Decker, of May, Decker & Assoc., of Waukegan, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Johanna Zurich, brought this action against Country Mutual Insurance Company (Country), American Interstate Insurance Company

of Wisconsin (American) and Everett C. Gentry (Gentry), asking that the court determine and adjudicate the rights and liabilities of the parties thereto with respect to the policies of insurance involved; that the court find that Country was obligated under its insurance policy issued to plaintiff's husband, to provide uninsured motorist coverage, and to compel arbitration by Country if no agreement to settle the claim under the uninsured motorist coverage was achieved. The trial court found for the plaintiff and entered a judgment order to compel arbitration. Country appeals.

Country insured Gilbert Zurich under a personal vehicle policy covering a 1972 Buick Skylark, which included uninsured motorist coverage. Plaintiff, wife of the insured, was driving this vehicle when she was involved in an automobile collision with an automobile driven and owned by Gentry, and insured by American. Subsequently, plaintiff filed suit (hereinafter referred to as the P.I. suit) against Gentry, who was served with summons under the Illinois long arm statute (Ill. Rev. Stat. 1975, ch. 110, par. 17). American was also notified of the P.I. suit and employed local counsel to defend Gentry. Country was not a party to the P.I. suit. Thereafter, upon notice to plaintiff's attorneys, American's attorneys filed a motion to withdraw as attorneys for Gentry on the ground of his noncooperation, occasioned by his disappearance and their inability to locate him. The motion to withdraw was granted. Plaintiff then sent Country a notice of claim and selection of an arbitrator under the uninsured motorist coverage of the policy. Country responded, denying that there was uninsured motorist coverage as to this occurrence and refused to arbitrate.

Plaintiff then instituted this suit for declaratory judgment, joining as defendants Country, American and Gentry; both Country and American were served with summons and appeared by counsel. Plaintiff's complaint alleged the facts set forth above including the withdrawal of American's defense based on Gentry's violation of his requirements as an insured with American. Further, attached to the complaint was a copy of American's motion to withdraw in the P.I. suit describing American's attorneys' efforts to locate Gentry who had moved without leaving a forwarding address and the inability of private investigators hired by American to locate him. Country filed an answer which admitted the foregoing but denied any liability under the uninsured motorist coverage of plaintiff's policy; the answer further set forth an affirmative defense alleging that American improperly denied coverage to Gentry and that it failed to prove Gentry's noncooperation. American filed a reply denying the allegations of Country's affirmative defense.

Memorandums of law were submitted to the trial court and thereafter the cause came on for hearing based on the pleadings, exhibits and statements of counsel representing plaintiff and Country and American. It

appears from the record of this hearing that Gentry had been indicted for burglary by the Lake County grand jury on September 2, 1975, and that a bench warrant was issued for his arrest and his bond was fixed at $10,000; that the warrant has never been served and that this criminal proceeding is still pending. It further appears that at this hearing the trial court indicated it was ready to decide the case; counsel for American was present and indicated he had witnesses available; counsel for Country considered making an offer of proof; court was recessed and there was no further evidence offered. The trial court entered an order requiring Country to proceed with the resolution and arbitration of plaintiff's uninsured motorist claim.

Country contends first that the unilateral act of American withdrawing its coverage for Gentry did not constitute Gentry an uninsured motorist within the meaning of section 143a of the Illinois Insurance Code (Ill. Rev. Stat. 1963, ch. 73, par. 755a).

Under the policy in question, an "uninsured vehicle" is defined as follows: "(1) a vehicle with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or bodily injury liability insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or (2) a vehicle where on, prior to or after the accident date the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified in the policy because of the entry by a court of competent jurisdiction of an order of rehabilitation or liquidation by reason of insolvency on or after the accident date, or (3) a hit-and-run vehicle as hereinafter defined."

The trial court here found that the language as written in the above policy was unduly restrictive and that in fact it should cover as uninsured a driver where there is a disclaimer of insurance as in the present case, and therefore plaintiff should be in a position to pursue her claim directly with her own insurance company.

■■ Prior to 1963, an insurance company had the right to limit the coverage on the policies it issued, including uninsured motorist coverage. However, in 1963 the legislature enacted section 143a of the Insurance Code which prohibited the issuance of any motor vehicle insurance policy unless it provided uninsured motorist coverage. In view of the requirement of mandatory coverage our supreme court in *Kaszeski v. Fidelity & Casualty Co.* (1973), 54 Ill. 2d 241, 246, 296 N.E.2d 743, 746, determined that, "* * * a motorist who is not covered by insurance is an 'uninsured motorist,' and it is immaterial whether insurance coverage never existed or whether it once existed but has since been removed. Similarly, it is immaterial whether the insurance coverage has been removed by the voluntary act of the insurance company or by its

involuntary insolvency. * * *" Further in the prior case of *Smiley v. Estate of Toney* (1969), 44 Ill. 2d 127, 130, 254 N.E.2d 440, 441, the supreme court stated, "We are not persuaded that the policy definition or an 'uninsured vehicle', if it is unambiguous, must always control the application of the statute. * * *"

■■ In the past Illinois courts have not hesitated to reject restrictive definitions in insurance policies in favor of coverage to the insured in an uninsured motorist situation. (See *Barnes v. Powell* (1971), 49 Ill. 2d 449, 275 N.E.2d 377; *Doxtater v. State Farm Mutual Automobile Insurance Co.* (1972), 8 Ill. App. 3d 547, 290 N.E.2d 284; *Franey v. State Farm Mutual Automobile Insurance Co.* (1972), 5 Ill. App. 3d 1040, 285 N.E.2d 151.) While these cases are factually distinguishable from each other and the case at bar, it is clear from the holdings of these cases that the legislative intent was to provide extensive uninsured motorist coverage for those insured under an automobile liability policy. Having contracted for and paid the premiums for uninsured motorist coverage, plaintiff is entitled to the maximum protection possible consonant with the fairness to the insurer.

■■ On the basis of the above, we conclude that the trial court correctly determined that Country's insurance policy was too restrictive and should extend to the situation involving a disclaimer of coverage.

Secondly, Country contends that the insurer who asserts a breach of the cooperation clause has the burden of proving such breach. Country relies on *M.F.A. Mutual Insurance Co. v. Cheek* (1977), 66 Ill. 2d 492, 363 N.E.2d 809. In *M.F.A. Mutual Insurance Co.* the insurance company brought an action for declaratory judgment seeking a finding that it was not liable under an insurance policy issued to Cheek for damages suffered by a pedestrian struck by Cheek's car, due to an alleged violation of the cooperation clause of the policy. The trial court found in favor of defendants and the appellate court affirmed. On appeal, the issue before the supreme court was whether there was a breach of the cooperation clause in the standard automobile insurance policy so that the responsibility of the insurer would be extinguished. In affirming the decisions of the trial court and the appellate court, the supreme court held that unless the alleged breach of the cooperation clause substantially prejudiced the insurer in defending the primary action, it is not a defense under the contract. Country also relies on *Mazzuca v. Eatmon* (1977), 45 Ill. App. 3d 929, 360 N.E.2d 454, where the court held that the burden of proof is on the insurer to establish the affirmative defense of breach of the cooperation clause.

.While both contain accurate statements of the law, neither *M.F.A. Mutual Insurance Co.* nor *Mazzuca* are applicable here. In those cases the insurance carrier was seeking to avoid its policy obligation to pay

damages to a third party because of an alleged breach of the policy conditions by its insured; in that situation the burden of proof is properly placed on the insurance carrier. However, in the case at bar it is the insured seeking recovery from her own insurer on the basis of coverage provided in the insurance contract for which the insured has paid the premiums.

We are of the opinion that in the case before us the insured should not have to bear the burden of establishing the validity of the disclaimer. To impose such a burden on the insured, who pays the premiums and who most often is the innocent party in the situation, would circumvent the legislative intent behind the enactment of mandatory uninsured motorist coverage, to provide the maximum coverage possible consonant with fairness to the insurer. As the court in *Wilhelm v. Universal Underwriters Insurance Co.* (1978), 60 Ill. App. 3d 894, 899-900, 377 N.E.2d 62, 66, expressed it:

> "* * * the statute provides that the insurer, having paid the claim, is entitled to recover, to the extent of such payment, out of the proceeds of any settlement or judgment against any person legally responsible for the injury. If the insurer is not required to pay until after all other possible sources of recovery have been exhausted, this provision would be meaningless. Moreover, the statute simply provides that the coverage is to be available for the protection of persons who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. It does not say that such coverage is available only if no other persons are legally responsible. * * *"

In the case at bar, upon settlement of plaintiff's uninsured motorist claim, Country will be subrogated to any rights plaintiff may have against Gentry or American.

Country also contends that in determining that Gentry was uncooperative with American, the trial court placed too much emphasis on knowledge that Gentry had been indicted in Lake County, and that a warrant was outstanding for his arrest. The trial court stated,

> "* * * The opinion I have carefully tried to set forth is that what is determinative is a record that the company is disclaiming, which we have here in the Motion to Withdraw, which everybody admitted was the motion in the procedure, plus the outstanding bench warrant for a burglary which has not been served to date, is more than adequate to pass the burden of going any further from the insured to you [Country]. * * *"

In light of this statement by the trial court and our own review of the record here, we cannot say that the trial court placed undue emphasis on the existence of an outstanding warrant for Gentry, and therefore we reject Country's contention.

Finally, while Country alleged that American improperly declined coverage to Gentry and failed to prove that Gentry refused to cooperate with counsel selected by American as an affirmative defense, Country failed to offer any evidence in support of its affirmative defense. The record reflects that while the trial court indicated it was ready to decide the case, it would permit Country to make an offer of proof. As the record does not reflect any further proceedings, Country apparently chose not to make an offer of proof.

In the absence of evidence to the contrary and on the basis of the record present here, the trial court properly determined that plaintiff had presented sufficient evidence of noncooperation on Gentry's part to be entitled to assert her claim and right to arbitration under the uninsured motorist coverage of Country's policy and to require Country to arbitrate under the uninsured motorist coverage.

Therefore we affirm the judgment of the circuit court of Lake County.

Affirmed.

SEIDENFELD, P. J., and RECHENMACHER, J., concur.