RIPLEY RESIN ENGINEERING CO., INC., *et al.*, Plaintiffs-Appellants, *v.* GREAT AMERICAN INSURANCE COMPANY, Defendant-Appellee.

First District (4th Division)   No. 77-1477

Opinion filed March 29, 1979.

Terrence E. Leonard, of Chicago, for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Thomas M. Hamilton, and Stephen R. Swofford, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs, Ripley Resin Engineering Co., Inc., John F. Ripley, Bernice D. Ripley and Vicki Lynn Ripley, a minor, by her father and next friend, John F. Ripley, brought a declaratory judgment action against the defendant, Great American Insurance Company to determine if

defendant was liable to them under the uninsured motorist clause of its policy. The trial court found that defendant's insurance policy did not provide uninsured motorist benefits for the plaintiffs because the tortfeasor was insured and her automobile did not qualify as an uninsured vehicle. Plaintiffs appeal contending that the exhaustion of the proceeds of the tortfeasor's automobile liability insurance policy to claimants other than the plaintiffs herein made the tortfeasor an uninsured motorist, thereby affording uninsured motorist coverage to the plaintiffs under the policy issued on their car and its occupants.

On March 31, 1973, the plaintiffs were riding in a motor vehicle in Key Largo, Florida, which was insured by defendant under a policy issued to Ripley Resin Engineering Co., Inc. They became involved in a collision with a vehicle driven by the tortfeasor, Catherine Duyos. She was insured by State Farm Insurance Company (State Farm) in the required Illinois and Florida statutory sums of $10,000 per person and $20,000 per accident. After the filing of all claims and suits against the tortfeasor, State Farm elected to pay the limits of the policy coverage to the occupants of the tortfeasor's automobile, thereby completely excluding the plaintiffs herein.

Plaintiffs then filed claims against their own insurer, defendant, under the uninsured motorist provisions of that policy. Defendant denied the claims.

Plaintiffs contend that the payment of the total proceeds of the tortfeasor's policy to the occupants of her car constitutes "denial of coverage," thereby making the tortfeasor an uninsured motorist as to the plaintiffs, and that by this reason the uninsured motorist coverage of defendant's policy is applicable. They reason that the insured's rights, with respect to the uninsured motorist protection which their policy provides, are just as effectively denied when the tortfeasor's insurer subsequently becomes insolvent. They maintain that the original definition of the word "uninsured" as "not" insured was subsequently defined as carrying liability insurance in an amount below the minimum required by the financial responsibility law. (*Smiley v. Estate of Toney* (1969), 44 Ill. 2d 127, 254 N.E.2d 440.) Plaintiffs also note that the word "uninsured" was also expanded to include the subsequent insolvency of a tortfeasor's insurer which was held to be a "denial of coverage" thereby making the tortfeasor an uninsured motorist. *Kaszeski v. Fidelity & Casualty Co.* (1973), 54 Ill. 2d 241, 296 N.E.2d 743; *Spearman v. State Security Insurance Co.* (1978), 57 Ill. App. 3d 393, 372 N.E.2d 1008.

■■ A situation similar to the instant case was decided by the appellate court in the case of *State Farm Mutual Automobile Insurance Co. v. Murphy* (1976), 38 Ill. App. 3d 709, 348 N.E.2d 491, *appeal denied* (1976), 63 Ill. 2d 563. In that case, the injured party was covered under his father's

policy with the insurer. The injured party failed to recover for his injuries under the coverage of the tortfeasor's insurance policy which was issued by the same insurer because the coverage limits of the tortfeasor's policy had been exhausted by payment to other claimants. Thereafter, litigation commenced involving the same issue presented in this appeal. The appellate court held that the uninsured motorist's provision was not applicable, and it stated:

    " 'Uninsured' does not mean 'underinsured' as long as the tortfeasor's policy met the minimum statutorily required limits [citation], and the insured cannot recover from his own insurer simply because the tortfeasor's insurance, while sufficient to meet the minimum statutory requirements, is insufficient to satisfy his judgment.

* * *

    The purpose of the statute is to require that a minimum amount of insurance be available to an injured insured which would place him in substantially the same position he would have occupied had the tortfeasor complied with the minimum requirements of the Financial Responsibility Act [citation]. Here that basic insurance protection did exist, although the insured, because of the existence of other claimants, did not benefit from it. Accordingly, the motorist was not uninsured and Picchi, [the injured party] cannot recover from his own insurer." (38 Ill. App. 3d 709, 713; Accord, *Strunk v. State Farm Mutual Automobile Insurance Co.* (1978), 90 Wash. 2d 210, 580 P. 2d 622, and authorities cited therein.)

In view of the decision in *Murphy*, we conclude that plaintiffs' argument is without merit.

    Further, defendant's policy does not provide plaintiffs with any additional uninsured motorist coverage than required by law. Defendant's uninsured vehicle coverage provided:

"Coverage U - Uninsured Motorists<br>(Damages for Bodily Injury)

    The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; * * *

Additional Definitions * * *

'uninsured highway vehicle' means

(a) a highway vehicle with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured

highway vehicle is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder; * * * but the term 'uninsured highway vehicle' shall not include:

(i) an insured highway vehicle, * * * ."

The policy definition of an uninsured highway vehicle is clear and unambiguous. It is well settled that ambiguous provisions in an insurance policy will be narrowly construed against the insurance company, but the principle cannot be used to distort the clear meaning of a provision simply to allow some means of recovery to an injured person who might otherwise receive less than full compensation for injuries caused by another person. (*Heritage Insurance Co. v. Phelan* (1974), 59 Ill. 2d 389, 321 N.E.2d 257.) Here, the tortfeasor had a valid insurance policy in effect at the time of the accident, and the limits of that policy were actually paid by State Farm to several claimants. This language does not grant a greater coverage than that required by statute.

Accordingly, the judgment of the circuit court is affirmed.

Judgment affirmed.

LINN and ROMITI, JJ., concur.