ANN MARIE SAMACK, Plaintiff-Appellant, *v.* TRAVELERS INSURANCE CO., Defendant-Appellee.

First District (2nd Division)   No. 81—2898

Opinion filed December 14, 1982.—Rehearing denied January 13, 1983.

Erwin M. Pearl Associates, Ltd., of Chicago (Erwin M. Pearl, of counsel), for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Edward J. Zulkey, and Paul B. O'Flaherty, Jr., of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff appeals from an order of the circuit court granting defendant's motion to dismiss her amended complaint for declaratory judgment and damages. She raises as issues whether Florida's no-fault insurance statute precludes her from suing the driver of the car that struck the car in which she was riding; and, if it does, whether she is entitled to compensation from her own insurance company, defendant Travelers Insurance Co. (Travelers), under the uninsured motorist provision of her policy with them.

For the reasons which follow, we reverse and remand with directions.

The amended complaint in part alleged that: plaintiff was injured when the car in which she was riding as a passenger collided with one being driven by John Kutsch in Daytona Beach, Florida; Kutsch was insured by State Farm Mutual Automobile Insurance Co., pursuant to Florida's no-fault statutory scheme; plaintiff did not incur permanent physical injuries or sufficient medical expenses to entitle her to sue

Kutsch under Florida law; she had rented the car from General Rent-A-Car of Daytona Beach, Florida (General); General did not carry no-fault insurance on the car; because she could not recover from either Kutsch's or General's insurance companies, she was injured by an "uninsured motorist"; and, plaintiff's policy with Travelers provides that she is insured against bodily injuries that are caused by the owner or operator of an uninsured automobile. She sought all damages to which she was legally entitled.

Travelers filed a motion to dismiss pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48) (now section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619)), claiming that because Kutsch carried public liability insurance, plaintiff could not have been struck by an uninsured motorist. It also filed an answer to the same effect, denying liability.

As noted above, Travelers' motion was sustained and the cause dismissed, from which this appeal is taken.

Plaintiff asserts that Florida's Automobile Reparations Reform Act (no-fault) insurance statute (Fla. Stat. Ann. sec. 627.737 (1972)) bars her from suing Kutsch because her injuries and damages do not meet the prerequisites of Florida's no-fault statute. Defendant agrees; therefore, we need not tarry with an interpretation of the Florida statutes of which our reading is in consonance with that of the parties. Plaintiff appears to be caught in the middle of an unfortunate situation: she is barred from filing suit under Florida law due to the absence of severe or permanent injuries and her own insurance company, Travelers, contends that it is not responsible either, for two reasons: (1) she is not entitled to recover from the Florida tortfeasor in Florida and under the full faith and credit clause of the Constitution she should also be barred in Illinois; and (2) she was not hit by an uninsured motorist, because the Kutsch vehicle was not uninsured, but "underinsured," for which condition the policy makes no provision.

■ ■ The requirement of section 1, article IV of the Federal Constitution, that each State give full faith and credit to public acts and judicial proceedings of other States, is subject to the exception that foreign laws or decisions will not be given effect when in conflict with statutes of the forum (*Weiditschka v. Supreme Tent Knights of Maccabees of the World* (1920), 188 Iowa 183, 170 N.W. 300), or with its settled public policy. (*Gendron v. Calvert Fire Insurance Co.* (1943), 47 N.M. 348, 143 P.2d 462; *Blanco v. Pan-American Life Insurance Co.* (S.D. Fla. 1963), 221 F. Supp. 219, *aff'd in part, rev'd in part on other grounds* (5th Cir. 1966), 362 F.2d 167.) Moreover, the

law of the forum governs matters relating to remedies in an insurance contract, particularly where, as here, the parties are a resident of Illinois and a corporation licensed to do business in this State, evidencing a greater concern and interest of Illinois in the subject matter of this lawsuit than Florida. *Allstate Insurance Co. v. Sullam* (1973), 349 N.Y.S.2d 550, 76 Misc. 2d 87; see also *Butler v. National Live Stock Insurance Co.* (1916), 200 Ill. App. 280.

■ The asserted principal purpose of the Florida no-fault legislation was to provide Florida residents injured in automobile accidents with prompt and certain financial assistance and at the same time relieve the congestion such cases caused the Florida judicial system. (*Lasky v. State Farm Insurance Co.* (Fla. 1974), 296 So. 2d 9, 16.) Neither of the parties in the instant case claim to be residents of Florida nor has this action been brought in a Florida court. At issue here is the interpretation of a provision of a contract entered into in Illinois between an Illinois resident and a corporation authorized to do business in Illinois, Travelers, which must meet Illinois legislative standards in order to do so. (Ill. Rev. Stat. 1979, ch. 73, par. 755a.) Under these circumstances we find no constitutional bar to plaintiff's suit in Illinois.

Travelers' second argument, that the uninsured motorist provision does not apply because Kutsch was an "underinsured" rather than "uninsured" motorist, is based upon *Smiley v. Estate of Toney* (1969), 44 Ill. 2d 127, 254 N.E.2d 440, *State Farm Mutual Automobile Insurance Co. v. Murphy* (1976), 38 Ill. App. 3d 709, 348 N.E.2d 491, *appeal denied* (1976), 63 Ill. 2d 563, and *Ripley Resin Engineering Co. v. Great American Insurance Co.* (1979), 70 Ill. App. 3d 619, 388 N.E.2d 1258. In each of the cases cited, the defendant carried insurance which complied with the minimum coverage requirements the Illinois legislature has set (Ill. Rev. Stat. 1979, ch. 95½, par. 7—203), thus assuring individuals tortiously injured by another some fund from which they might draw. Unfortunately, because of Florida's statutory scheme, plaintiff is denied access to those funds. From plaintiff's point of view, Kutsch is not only uninsured but judgment-proof as well, since Florida law prohibits her from suing him directly.

More importantly, Illinois cases applicable to the present situation hold contrary to Travelers' position. In *Barnes v. Powell* (1971), 49 Ill. 2d 449, 275 N.E.2d 377, plaintiff was injured when defendant drove plaintiff's car in which they were riding off the road into a rock. Her car was insured. Defendant, however, was not. Plaintiff's insurance policy contained an uninsured motorist provision, similar to the one at issue in the case at bar, which provided that an "uninsured automo-

bile" did not include "an insured automobile." Relying upon this clause, plaintiff's insurance company denied liability. Plaintiff argued that as to her the defendant was an uninsured motorist. The supreme court agreed and concluded:

> "As to this particular plaintiff, *because she was excluded from the liability coverage of the policy, the automobile was not an insured automobile and the driver was not an insured motorist, notwithstanding that as to all others the automobile and the driver may have been insured.* Because no liability insurance was applicable to the plaintiff at the time of the accident, her uninsured motorist coverage necessarily became effective in light of the legislative mandate. Our conclusion is in accord with *Bowsher v. State Farm Fire and Cas. Co.*, 244 Ore. 549, 419 P.2d 606, and with the practice of construing limitations on coverage liberally in favor of the policyholder." (Emphasis added.) 49 Ill. 2d 449, 454.

In *Kerouac v. Kerouac* (1981), 99 Ill. App. 3d 254, 425 N.E.2d 543, *appeal denied* (1981), 85 Ill. 2d 577, plaintiffs were passengers in the family car driven by one of plaintiffs' sons at the time of the accident. Plaintiffs were injured. The father's policy on the car with defendant insurance company contained the standard uninsured motorist provision. The policy, however, not only provided that insured vehicles were not to be deemed uninsured but also excluded any "vehicle owned by the named insured or any resident of his household" from protection under this provision. The appellate court concluded that the decision and reasoning in *Barnes* controlled and as to the minor Dale Kerouac, because of the exclusion with respect to liability for injury to family members, the automobile in which he was riding was not an insured automobile and the driver was not an insured motorist, notwithstanding the fact that as to all others the automobile and the driver may have been insured.

In *Zurich v. Country Mutual Insurance Co.* (1978), 65 Ill. App. 3d 608, 382 N.E.2d 131, *appeal denied* (1979), 74 Ill. 2d 590, defendant was deemed "uninsured" when his insurance company, which had at first attempted to represent him, withdrew as his counsel because he had refused to cooperate with them. In *Zurich*, the appellate court explained why Illinois courts have so consistently found protection under the uninsured motorist provisions of insurance policies:

> "In the past Illinois courts have not hesitated to reject restrictive definitions in insurance policies in favor of coverage to the insured in an uninsured motorist situation. (See *Barnes v. Powell* (1971), 49 Ill. 2d 449, 275 N.E.2d 377; *Doxtater v. State*

*Farm Mutual Automobile Insurance Co.* (1972), 8 Ill. App. 3d 547, 290 N.E.2d 284; *Franey v. State Farm Mutual Automobile Insurance Co.* (1972), 5 Ill. App. 3d 1040, 285 N.E.2d 151.) While these cases are factually distinguishable from each other and the case at bar, it is clear from the holdings of these cases that the legislative intent was to provide extensive uninsured motorist coverage for those insured under an automobile liability policy. Having contracted for and paid the premiums for uninsured motorist coverage, plaintiff is entitled to the maximum protection possible consonant with the fairness to the insurer." 65 Ill. App. 3d 608, 611.

See also *Wilhelm v. Universal Underwriters Insurance Co.* (1978), 60 Ill. App. 3d 894, 377 N.E.2d 62.

■ Under the foregoing authorities, we find that although the car that struck her was insured for certain purposes, as to plaintiff in the present case it was uninsured, thereby entitling plaintiff to pursue the insurance proceeds of her own insurance policy for uninsured motorist coverage for which she contracted and paid premiums.

Defendant also argues that plaintiff's amended complaint pleaded no facts supporting an inference that she was entitled to recover damages from Kutsch. Travelers did not raise this issue before the circuit court but rather argued in its motion to dismiss that the uninsured motorist provision was inapplicable and against the public policy of Florida. On appeal, parties are bound to adhere to the theory which they adopted in the circuit court. *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 148, 324 N.E.2d 417; *In re Marriage of Theeke* (1981), 105 Ill. App. 3d 119, 126, 433 N.E.2d 1311.

For the reasons set forth above, this cause must be reversed and remanded with directions to vacate the dismissal of plaintiff's amended complaint and proceed with the litigation.

Reversed and remanded with directions.

DOWNING and PERLIN, JJ., concur.