NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220942-U

NO. 4-22-0942

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 19, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee, v. VELINDA JENKINS, Defendant-Appellant. | ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Putnam County No. 21CH3 Honorable Bruce P. Fehrenbacher, Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice DeArmond and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court did not err in granting plaintiff's motion for summary judgment.

¶ 2     On October 11, 2022, pursuant to section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2022)), the circuit court granted plaintiff State Farm Mutual Automobile Insurance Company's (State Farm) motion for summary judgment declaring State Farm was not obligated to provide uninsured motorist coverage to defendant Velinda Jenkins. Jenkins appeals and raises several issues, though one is dispositive: whether the court erred by determining she failed to provide adequate proof of loss, specifically to demonstrate another driver was an uninsured motorist, to establish her claim fell within the scope of the insurance policy State Farm had issued to her. Finding no error, we affirm the judgment of the circuit court.

¶ 3                                    I. BACKGROUND

¶ 4         In May 2017, Jenkins was a passenger in a motor vehicle being operated by her husband when her husband swerved to avoid striking a vehicle operated by Tanya Haynes, who turned in front of them. Jenkins suffered personal injuries when their vehicle left the roadway and came to rest in a cornfield. Jenkins was removed from her vehicle by emergency personnel and transported to the hospital accompanied by her husband.

¶ 5         Neither Jenkins nor her husband spoke to Haynes to determine if Haynes or the vehicle she was driving was covered by an insurance policy. The Illinois Traffic Crash Report (Crash Report), completed by an officer responding to the accident, listed Haynes as a witness. The report did not disclose information about the existence of any insurance covering Haynes or the vehicle she was operating. The Crash Report discloses Haynes was issued a citation for violating the right-of-way rule pursuant to section 11-901 of the Illinois Vehicle Code (625 ILCS 5/11-901 (West 2016)), but not a citation for failing to carry liability insurance. (625 ILCS 5/3-707 (West 2017)). The Jenkins vehicle, however, was covered by an insurance policy issued by State Farm.

¶ 6         Beginning in April 2018, Jenkins's attorney wrote Haynes two letters requesting she forward the correspondence to her insurance carrier, and when Haynes did not respond, filed a lawsuit against Haynes on Jenkins's behalf. After the first summons and complaint was returned unserved, Jenkins served Haynes at a new address an investigator located. After Haynes failed to respond, Jenkins sought and obtained a default judgment as to liability against Haynes.

¶ 7         Immediately after obtaining the default judgment in November 2018, Jenkins wrote to State Farm advising she intended to pursue an uninsured motorist claim under the policy it had issued to her, and enclosing pleadings from the action against Haynes and the Crash Report. State

Farm acknowledged receipt of the letter, and Jenkins then provided information about her medical care and expenses.

¶ 8        On May 8, 2019, Jenkins made a formal demand for uninsured motorist arbitration, then subsequently a demand for settlement of the claim for the policy limit, and finally a request State Farm name an arbitrator if it would not settle for the policy limit.

¶ 9        The policy State Farm had issued to Jenkins required the insured (1) to "cooperate" with it, (2) assist "when asked" with "securing and giving evidence," and (3) when it required, provide "proof of loss on forms" it would furnish.

¶ 10        On March 26, 2020, State Farm asked Jenkins whether she had discovered any information about whether Haynes was insured at the time of the accident, or about the vehicle Haynes was driving. In July 2020, State Farm advised Jenkins (1) arbitration was premature because it had not yet determined whether Haynes had any insurance available, (2) who its arbitrator was, and (3) that it sought Jenkins's examination under oath pursuant to the policy terms.

¶ 11        In August 2020, State Farm again asked Jenkins to provide information evidencing Haynes was not insured. It sought similar information via written discovery requests in the arbitration, pursuant to which Jenkins referenced her attempts to communicate with Haynes, the "police report," and the pleadings from the lawsuit against Haynes.

¶ 12        In October 2020, State Farm conducted its examination of Jenkins under oath. Jenkins advised: (1) neither she nor her husband had ever spoken to Haynes about insurance; (2) at the accident scene, they assumed the responding officer would put that information in the police report; (3) she had received no information from any State of Illinois office or any insurance company related to any insurance that may have covered Haynes; and (4) she did not know whether Haynes had insurance coverage.

¶ 13　　　　　On May 26, 2021, State Farm sent Jenkins a reservation of rights letter, delineating the reasons it questioned whether Jenkins qualified for uninsured motorist benefits. In response, Jenkins advised she had provided sufficient information to demonstrate Haynes was not insured at the time of the accident.

¶ 14　　　　　On September 17, 2021, State Farm filed its complaint seeking a declaration it did not owe Jenkins coverage under the uninsured motorist provisions of the policy because she failed to provide adequate proof of loss Haynes was uninsured at the time of the loss. Jenkins answered and asserted several affirmative defenses, after which neither party sought discovery. State Farm then filed a motion for summary judgment, to which Jenkins responded and sought summary judgment in her favor.

¶ 15　　　　　On October 11, 2022, the circuit court granted State Farm's motion, and denied Jenkins's. The court found (1) Jenkins failed to meet her burden of establishing Haynes was uninsured, (2) Jenkins failed to provide State Farm with sufficient information to determine whether Haynes had insurance coverage available, and (3) the "circumstantial evidence" did not establish Haynes was uninsured or an "uncooperative insured."

¶ 16　　　　　This appeal followed.

¶ 17　　　　　　　　　　　　　II. ANALYSIS

¶ 18　　　　　　　　　　　　A. Standard of Review

¶ 19　　　　　Our review of a circuit court's determination to grant a party's motion seeking summary judgment, including one construing an insurance policy and declaring the rights of the parties thereunder, is *de novo*. *Hanover Insurance Co. v. MRC Polymers, Inc.*, 2020 IL App (1st) 192337, ¶ 26.

¶ 20　　　　　B. Jenkins Failed to Produce Sufficient Evidence Haynes Was Uninsured

¶ 21 Jenkins's claims boil down to her assertion she provided State Farm with adequate proof of loss to demonstrate Haynes was not insured at the time of the loss.

¶ 22 It is well established the burden is on the insured to demonstrate a claim falls within the coverage provisions of an insurance policy. *Addison Insurance Co. v. Fay*, 232 Ill. 2d 446, 453 (2009). For example, where the policy's proof of loss provisions required the claimant to give "particulars sufficient" to identify the insured and witnesses along with information "with respect to the time, place and circumstances" of the loss, and the claimant, as an insured under the policy's uninsured motorist provisions, provided the police and fire department reports in addition to medical records and bills, the "information was sufficient" for the insurer to identify the "particulars" as required by the policy. *American Access Casualty Co. v. Tutson*, 409 Ill. App. 3d 233, 237, 239 (2011). Thus, because the claimant complied with the policy's proof of loss provisions, the circuit court committed error by granting the insurer's motion for summary judgment based on the claimant failing to file an appropriate proof of loss. *Id.* at 239-40.

¶ 23 Proof of loss in the uninsured motorist context is "proof that there is no other insurance available to cover the insured's claim." *State Farm Mutual Automobile Insurance Co. v. Leon*, 2019 IL App (1st) 180655, ¶ 28. Therein, the insured asserted she had provided sufficient information to her insurance carrier about the auto accident in which she was involved, while a passenger in a non-owned vehicle working as a driving instructor for her employer, to bring her within her policy's uninsured motorist provisions. *Id.* ¶¶ 5, 25. Specifically, the insured provided a police report, which contained the contact information for the driver and the owner of the vehicle in which she was a passenger, and a letter from her employer's insurance carrier advising it would not provide coverage for the loss because the injuries were suffered during the course of employment. *Id.* ¶¶ 6, 25. Notably, the insurance policy, under which the insured sought uninsured

motorist benefits, excluded from coverage injuries for which there were workers' compensation benefits available. *Id.* ¶ 3. Understandably, the insured's carrier repeatedly sought information from her verifying there was no workers' compensation policy available, and no coverage available through the driver or owner of the vehicle. *Id.* ¶¶ 7-12. However, the insured never provided any information relating to other potential coverage. *Id.* ¶ 18. Thus, because the insured did not provide the carrier "with the relevant information it needed to investigate," it was "evident" the insured did not provide "a sufficient proof of loss pursuant to the policy." *Id.* ¶¶ 29-30.

¶ 24 In the instant matter, Jenkins provided State Farm with the pleadings from the action against Haynes resulting in a default judgment, the Crash Report, and information about her medical bills and expenses. The relevant insurance policy described Jenkins's duty to cooperate and provide proof of loss. To that end, because Jenkins sought coverage pursuant to the policy's uninsured motorist provisions, State Farm requested that Jenkins provide information relating to whether Haynes was insured. The information Jenkins provided her carrier utterly failed to address this ultimate issue or provide any useful information to permit State Farm to investigate.

¶ 25 In short, Jenkins bore the burden to provide adequate proof of loss, and she simply did not. Similar to *Leon*, Jenkins provided no information relating to Haynes's uninsured status. In fact, Jenkins admitted at her examination under oath she had no relevant information and did not actually know whether Haynes was insured or not. We acknowledge, given the circumstances, it may have been difficult for Jenkins to provide helpful information or meet her burden, but the policy had no exclusion for "unless the insured cannot obtain." Further, Jenkins cites no authority supporting the existence of an exception for difficulty in obtaining proof of loss.

¶ 26 Therefore, the circuit court committed no error in determining Jenkins failed to provide adequate proof of loss, and entering judgment for State Farm.

¶ 27                    C. Jenkins's Other Arguments Fail as Well

¶ 28         The other arguments Jenkins makes are subsumed by her failure to comply with the policy terms, but we will briefly address them.

¶ 29         First, Jenkins posits the circumstantial evidence constituted sufficient proof Haynes was uninsured. Such a conclusion is one of many that could flow from the circumstances herein. We note it would be just as easy to conclude Haynes was insured because it appears she was not issued a citation for having no insurance. What Jenkins seeks is for us to speculate Haynes was uninsured based on the difficulty Jenkins had gaining any cooperation from Haynes. Jenkins provides no authority supporting such a result, and we will not so conclude.

¶ 30         Second, Jenkins asserts State Farm should be barred, based on its unclean hands, from asserting the policy defense because State Farm was unable to recover from Haynes what it paid her husband for property damage. We fail to see how State Farm's insistence Jenkins comply with the terms of the policy constitutes unclean hands, and Jenkins cites no relevant authority in support of such claim.

¶ 31         Next, Jenkins argues we should conclude, because Haynes was uncooperative, she could be deemed uninsured. Doing so would require us to assume multiple facts and engage in rampant speculation. In support of this proposition, Jenkins cites *Zurich v. Country Mutual Insurance Co.*, 65 Ill. App. 3d 608 (1978). However, *Zurich* presents an entirely different set of facts. Therein, the at-fault driver's insurance company's attorneys moved to withdraw from representing the at-fault driver for noncooperation in the injured party's suit against him. *Id.* at 609. Because the at-fault driver's carrier took that position, the injured driver was entitled to assert an uninsured motorist claim against her own insurance company. *Id.* at 612-13. In the instant case, it is not Haynes's insurance company's position, relative to its own insured, which forms the basis

for Jenkins's claim Haynes was an uncooperative insured and thus can be deemed uninsured. Instead, it is Haynes's failure to cooperate with Jenkins that is urged as the reason we should deem Haynes uninsured. We decline Jenkins's invitation.

¶ 32       Finally, Jenkins claims State Farm was barred by *laches* from seeking declaratory relief based on Jenkins's failure to provide acceptable proof of loss. Specifically, Jenkins complains it took State Farm over 1000 days from the time she first asserted her uninsured motorist claim until it sought declaratory relief, and over 600 days to first request proof that Haynes was uninsured. First, it is reasonable to assume State Farm was waiting for Jenkins to file an appropriate proof of claim. Second, given the nature of the claim, it is also reasonable to assume, even without an explicit request, State Farm would likely have wanted information about Haynes's uninsured status. But ultimately, this argument fails because Jenkins has not demonstrated prejudice. See, *e.g.*, *Tully v. State*, 143 Ill. 2d 425, 432 (1991) (One of the elements of *laches* is "prejudice to the opposing party resulting from the delay."). It is difficult to understand how any prejudice flowed from State Farm's "delay" in filing its complaint for declaratory relief, given that any delay only provided Jenkins additional time to make an adequate proof of claim.

¶ 33                         III. CONCLUSION

¶ 34       For the foregoing reasons, we affirm the circuit court's judgment.

¶ 35       Affirmed.