**Richard R. SORIANO, Appellant,**

v.

**Carlos MEDINA, et al., Appellees.**

**No. 04–81–00359–CV.**

Court of Appeals of Texas,
San Antonio.

March 16, 1983.

William W. Keas, Corpus Christi, Nago Alaniz, San Diego, for appellant.

Van Huseman, Corpus Christi, Carlos Castillon, Jr., Laredo, Oscar J. Pena, Laredo, for appellees.

## OPINION

Before BUTTS, TIJERINA and DIAL, JJ.

TIJERINA, Justice.

This is an appeal from an automobile collision case in which judgment was rendered for plaintiff, his minor children and the estate of his deceased wife, based upon the answers of the jury to special issues.

The accident occurred on September 10, 1978, at approximately 8:30 a.m. on U.S. Highway 59, 28 miles east of Laredo. Appellee, Carlos Medina, was traveling with his wife and two children westbound from Corpus Christi to Laredo. Appellant, Richard Soriano, was traveling eastbound from Laredo when the collision occurred on the westbound side of the highway.

Appellant's points of error one through six complain that the submission of special issue number one was erroneous because of improper comment upon the weight of the evidence as to the following elements: (A) evasive action, (B) speed, (E) oncoming traffic, (F) wrong side of the road, and (G) no-passing zone. We have searched the entire record and fail to find where appellant made oral or written objections to the special issue. Tex.R.Civ.P. 274 provides in relevant part:

A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objections. *Any complaint as to an instruc-*

tion, *issue,* definition or explanatory instruction, on account of any defect, omission, or fault in pleading, *shall be deemed waived* unless specifically included in the objections. [Emphasis added.]

In *Bailey v. Travis,* 596 S.W.2d 291, 292–93 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.) the court held: "The proper method to complain of the trial court's submission of a defective special issue is by objection, and *a request for submission of issue, even in correct form, will not preserve the complaint."* (Emphasis added); *See also Duffey v. Hanes,* 474 S.W.2d 621 (Tex.Civ.App.—Dallas 1971, writ ref'd n.r.e.). We therefore overrule appellant's points of error one, two, three, four, five and six.

Point of error number seven complains that the trial court erroneously admitted into evidence alcoholic beverage containers found in appellant's automobile. Appellant specifically objected to the introduction of beer cans and a liquor bottle found in his vehicle on the grounds that there were no pleadings as to intoxication as a ground of recovery, that such evidence was not probative as to negligence, and that such evidence was prejudicial.

 Appellant cites *R.T. Herrin Petroleum Transport Co. v. Proctor,* 161 Tex. 222, 338 S.W.2d 422 (1960) to support his contention. This case, however, is distinguishable from the case at bar. In *Herrin Petroleum Transport Co., supra,* the officer could not testify as to where the bottle was found. In the instant case, the alcoholic beverage containers were found inside appellant's vehicle. Appellant testified that he had been drinking, and the officers testified that they smelled alcohol in appellant's vehicle. Intoxication or non-intoxication is an important circumstance bearing on the issue of negligence. *See Hicks v. Frost,* 195 S.W.2d 606 (Tex.Civ.App.—El Paso 1946, writ ref'd n.r.e.). Additionally, in determining the question of negligence, evidence of intoxication at or near the time of the accident is admissible as a circumstance to be considered with other facts in evidence. *Tripp v. Watson,* 235 S.W.2d 677 (Tex.Civ.App.—Fort Worth 1950, writ ref'd n.r.e.).

We conclude that a reasonable connection between the driver and the alcoholic beverage containers was established based upon a permissible inference. Point of error number seven is overruled.

Points of error numbers eight, nine, ten and eleven relate to appellee Carlos Medina and constitute no evidence and insufficient evidence points. Appellant complains the trial court committed error in submitting special issue number four (B) on physical pain and mental anguish in the future, and in submitting special issue number four (D) as to loss of future earning capacity.

 Carlos Medina testified at length as to his physical condition before and after the accident. He walked with the aid of a cane and related his present inability to stand on his feet for a prolonged period. We find there was sufficient evidence for the jury to find future pain and mental anguish. *See Keefe, Inc. v. Huddleston,* 459 S.W.2d 224 (Tex.Civ.App.—Beaumont 1970, no writ). On the question of loss of future earning capacity, we again consider the testimony of Carlos Medina. He testified as to his earning capacity before and after the accident, and stated that although he has fourteen years' experience as an aircraft mechanic, he is now assigned to do bench work because of weakness of his feet.

Q: Okay, how much overtime do you do a week?

A: At least about twenty hours a week.

Q: And you're still doing twenty hours a week overtime?

A: Not right now.

 \* \* \* \* \* \*

Q: Have you been able to go back on a trial basis to work with aircrafts...?

A: No, I haven't.

Q: Okay, have you been to see doctors about that...?

A: Yes.

Q: Okay. And you are still stuck doing bench work?

A: Yes, sir.

Appellee did testify that he was earning $1.19 more per hour than he was making

prior to the accident. We note, however, that the fact that an injured party may work and earn as much or more than he did before he was injured does not bar him from recovering for loss of earning capacity. *Southwestern Bell Telephone Co. v. Sims,* 615 S.W.2d 858, 864 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). *See Mikell v. La Beth,* 344 S.W.2d 702 (Tex.Civ.App.—Houston 1961, writ ref'd n.r.e.). We thus find sufficient evidence to support the jury findings as to future loss of wage earning capacity. Points of error eight, nine, ten and eleven are overruled.

Point of error number twelve contends the trial court erred in admitting the testimony of Dr. Robert T. Nash, an economist, as to loss of wage earning capacity. Appellant claims that Nash's testimony was based upon a hypothetical question not supported by the evidence. Nash testified that he was the dean of the College of Business at Texas A & I University and qualified as an expert in making projections based on loss of earnings. The question propounded to the expert witness was hypothetical, but based upon sufficient relevant facts established by the evidence, particularly the lengthy testimony of Carlos Medina. "The settled rule is that while a duly qualified expert witness may give his opinion based upon sufficient relevant facts, such facts must be within his personal knowledge, or assumed from common or judicial knowledge, or *established by evidence....*" *Reed v. Barlow,* 157 S.W.2d 933, 935 (Tex. Civ.App.—San Antonio 1941, writ ref'd). (Emphasis added). More recently, in *Moore v. Grantham,* 599 S.W.2d 287 (Tex.1980), the Supreme Court held that an expert's opinion may not be based solely on the statements or reports of third persons, unless those statements are properly in evidence and the opinion is sought through hypothetical questions. It is our opinion that the jury could have found future loss of earning capacity based on the testimony of appellee Carlos Medina. Point of error number twelve is overruled.

Point of error numbers thirteen and fourteen assert that there was no evidence or insufficient evidence to submit or support the jury findings as to future physical pain and mental anguish of Tommy Medina. Assertion of no evidence has validity only if there is absence of any evidence of probative force, either direct or circumstantial, to raise the issue submitted. *Kentucky Central Life Insurance Co. v. Fannin,* 575 S.W.2d 76 (Tex.Civ.App.—Amarillo 1978, no writ). In determining sufficiency of the evidence, we must consider and weigh all of the evidence in the case and set aside the verdict if we conclude that the verdict or finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1952).

The record shows that Tommy Medina suffered the loss of two teeth, cuts on his forehead, a bruised lip, a bruised hip and leg, and a tongue cut. The evidence established that at the time of trial Tommy had seen a dentist three times and that he would continue to see the dentist in the future. It is our opinion that there was sufficient evidence to support the conclusion that Tommy Medina was suffering pain and mental anguish at the time of trial, and there was a reasonable inference as to pain and mental anguish in the future. *See Keefe, Inc. v. Huddleston, supra.* We have reviewed the entire record and find that appellant's claim is without merit. Points of error thirteen and fourteen are overruled.

By point of error number fifteen, appellant contends the trial court erred in submitting special issue number seven, regarding mental anguish suffered by Carlos Medina for the loss of his wife. Appellant claims mental anguish is an improper element of damages in a wrongful death action brought under Tex.Rev.Civ.Stat.Ann. art. 4671–4678 (Vernon Supp. 1982–1983), and cites *Bedgood v. Madalin,* 600 S.W.2d 773 (Tex.1980) in support of his claim.

In *Bedgood v. Madalin, supra,* the Supreme Court held that a father could not recover damages for mental anguish, grief, bereavement or loss of companionship

caused by the wrongful death of his son. Unlike the *Bedgood* case, however, the instant case involves mental anguish caused by the loss of a spouse, and the action was not brought solely under the Wrongful Death Statute, *supra.* Medina's petition sought recovery for his individual injuries in addition to recovery under the Wrongful Death Statute, *supra.* Since Medina's mental anguish caused by his wife's death is part of his individual injuries, the trial court did not err in submitting special issue number seven. *See Minyard Food Stores v. Newman,* 612 S.W.2d 198, 199 (Tex.1980). Appellant's point of error number fifteen is overruled.

The judgment of the trial court is affirmed.