**TEXAS FARMERS INSURANCE COMPANY, Petitioner,**

v.

**Richard R. SORIANO and Auforth, Keas & O'Reilly, Respondents.**

**No. D–3363.**

Supreme Court of Texas.

Argued Jan. 18, 1994.

Decided June 15, 1994.

Rehearing Overruled Sept. 8, 1994.

---

Roger Townsend and Ben Taylor, Houston, W. Wendell Hall, San Antonio, for petitioner.

Harold Tom Hermansen, Jr., Ray Alexander, Carlos Villarreal, Ronald B. Brin, Thomas F. Nye, Alan J. Couture and Lynette Frederick, Corpus Christi, for respondents.

ENOCH, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, and GONZALEZ, GAMMAGE and SPECTOR, Justices, join.

The issue in this case is whether there is any evidence that the Texas Farmers Insurance Company was negligent or breached a duty of good faith and fair dealing in failing to settle certain claims against its insured, Richard Soriano. We hold there is no evidence of negligence or bad faith.

## I.

In September 1978, Richard Soriano crashed head-on into another car driven by Carlos Medina. Mr. Medina was severely injured and his wife of thirty years was killed. The Medinas' two children, ages 11 and 12, were injured in the accident as well. Adolfo Lopez, a teenage passenger with Richard Soriano, was also killed. Soriano was charged with involuntary manslaughter, driving while under the influence of alcohol, driving at an unsafe speed, and passing with insufficient clearance. Soriano had only minimum insurance coverage through his parents' policy with Texas Farmers Insurance Group, which provided for limits of $10,000 per person and $20,000 per occurrence. Farmers offered the full policy limits of $20,-000 to the Medinas, but the Medinas rejected this offer because they wished to investigate Soriano's personal assets. The Medinas and Alonzo and Rafaela Lopez, the parents of Adolfo Lopez, both then sued Richard Soriano, and the cases were consolidated for trial. Shortly before trial, Farmers settled the Lopez wrongful death claim for $5,000 and offered the remaining $15,000 to the Medinas. The Medinas rejected this offer, but then demanded $20,000 (the original policy limits they had previously rejected).

The Medinas' claims against Soriano went to trial and the jury found Soriano negligent.

The trial court rendered judgment on the verdict awarding the Medinas $172,187 plus interest in damages and the court of appeals affirmed. *Soriano v. Medina*, 648 S.W.2d 426 (Tex.App.—San Antonio 1983, no writ). In exchange for a covenant not to execute the judgment and an agreement to drop the criminal charges, Soriano assigned his rights against Farmers to the Medinas. The Medinas sued Farmers in Soriano's name for negligence, gross negligence, and breach of the duty of good faith and fair dealing. The jury found that Farmers was negligent and grossly negligent in the handling of the Medinas' claims and that Farmers breached a duty of good faith and fair dealing to Soriano by failing to settle the Medinas' claims. The trial court rendered judgment awarding Soriano (and by assignment the Medinas) $520,-577.24 in actual damages and prejudgment interest and $5 million in exemplary damages.

The court of appeals, 844 S.W.2d 808, sitting en banc affirmed with five justices holding that there was some evidence that the Lopez settlement was unreasonable, negligent and made in bad faith. 844 S.W.2d at 818. The court of appeals also reformed the judgment to eliminate double taxation of prejudgment interest and ordered a remittitur of $4 million on the exemplary damages. 844 S.W.2d at 831.[1] We conclude that there is no evidence that Farmers was negligent or that Farmers breached a duty of good faith and fair dealing. We therefore reverse and render judgment that Soriano take nothing.

## II.

Soriano asserts that, in opting to settle the Lopez claim for $5,000, Farmers was negligent and acted in bad faith by reducing the amount of insurance available for the Medinas' claims, thereby subjecting Soriano to excess judgment liability on the more serious Medina claims. Soriano argues that when faced with multiple claims and inadequate proceeds, an insurer must weigh the seriousness of the claims and attempt to settle those claims within policy limits that pose the

greatest threat of liability for excess judgments. Farmers responds that it has no duty to determine which claims will result in the greatest liability or to weigh the comparative gravity of the claims in considering settlement. Farmers argues there is no evidence it was negligent or that it breached a duty of good faith and fair dealing to Soriano because, as a matter of law, the Lopez settlement was reasonable.

### A.

### *Stowers* Liability for Negligently Failing to Settle

■ An insured's cause of action for negligence in failing to settle a claim is defined by *G.A. Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544, 547 (Tex.Comm'n App.1929, holding approved). As we recently reiterated in *American Physicians Ins. Exchange v. Garcia*, 876 S.W.2d 842, 848 (Tex. 1994), under Texas law insurers must "exercise 'that degree of care and diligence which an ordinarily prudent person would exercise in the management of his own business' in responding to settlement demands within policy limits." Through this *Stowers* duty, insurers may be liable for negligently failing to settle within policy limits claims made against their insureds. *Stowers*, 15 S.W.2d at 547–48.

■ To impose a *Stowers* duty on an insurer when there is a single claim, a settlement demand must propose to release the insured fully in exchange for a stated sum of money. *American Physicians*, 876 S.W.2d at 848–49. The *Stowers* duty is not activated by a settlement demand unless three prerequisites are met: (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. *Id.* A demand above policy lim-

---

**1.** Justice Biery concurred in the remittitur, but would have suggested a remittitur of $4.75 million instead of $4 million. 844 S.W.2d at 831. Justices Peeples and Butts dissented, finding that

there was no evidence that the Lopez settlement was in bad faith and rejecting any award of punitive damages. 844 S.W.2d at 851.

its, no matter how reasonable, does not trigger the *Stowers* duty to settle. *Id.*

■ These principles apply with equal force in this case. When Farmers received the Lopez settlement demand of $5,000 ($5,000 to settle a wrongful death claim), Farmers was required under *Stowers* to exercise reasonable care in responding to that demand. Had Farmers opted not to settle the Lopez wrongful death claim but, in the face of that demand, to renew its offer of the original face amount of the policy to settle the Medinas' claims instead, Farmers would surely face questions about liability under *Stowers* for failing to settle the Lopez wrongful death claim. To be sure, in settling the Lopez claim, Farmers necessarily reduced the amount of insurance available to satisfy the Medinas' claims, but Farmers also reduced Soriano's liability exposure. We conclude that when faced with a settlement demand arising out of multiple claims and inadequate proceeds, an insurer may enter into a reasonable settlement with one of the several claimants even though such settlement exhausts or diminishes the proceeds available to satisfy other claims.[2] Such an approach, we believe, promotes settlement of lawsuits and encourages claimants to make their claims promptly. *See Scurlock Oil Co. v. Smithwick,* 724 S.W.2d 1, 4 (Tex.1986).

Once Farmers settled the Lopez claim, the remaining limits available to satisfy the Medinas' claims were $15,000. Farmers cannot be liable for negligently failing to settle the Medinas' claims unless there is evidence that either (1) Farmers negligently rejected a demand from the Medinas within policy limits; or (2) the Lopez settlement was itself unreasonable. We conclude there is no evidence of either.

The Medinas never made a demand for the full $20,000 prior to the Lopez settlement. We note that there is evidence in the record that prior to the Lopez settlement, the Medinas' attorney indicated to Fred Auforth, the attorney hired by Farmers to represent Soriano, that he would recommend a settlement of $20,000 to the Medinas if Farmers were to again make the offer. In addition, the evidence includes Farmers' response to the following request for admission:

*REQUEST NO. 9.* Admit or deny that Farmers intentionally and knowingly settled the Lopez death claim at a time when:

(a) The claims for the death of Maria Medina and the injuries to Carlos Medina could have been settled for policy limits totaling $20,000;

(b) Farmers knew the Lopez settlement would reduce the insurance coverage on its policy to a figure below that needed to meet the settlement offer for such Medina claims; . . .

*FARMERS' RESPONSE:* Farmers gave Fred Auforth authority to settle those claims he felt would protect Richard Soriano's interest up to the [ ] $20,000 policy limits. In this respect, Fred Auforth settled the Lopez claim. With this in mind we answer the following request.

(a) Admit.

(b) Admit.

■ While this evidence indicates that Farmers may have been able to settle the Medinas' claims for $20,000 prior to the Lopez settlement, this is not evidence that the Medinas ever made a demand for $20,000 before the Lopez settlement. In the absence of any evidence of a demand within policy limits *prior* to the Lopez settlement, Farm-

**2.** Other jurisdictions considering multiple claims issues have reached a similar conclusion. *See Holtzclaw v. Falco, Inc.,* 355 So.2d 1279, 1286–87 (La.1978); *Alford v. Textile Ins. Co.,* 248 N.C. 224, 103 S.E.2d 8, 13 (1958); *Bennett v. Conrady,* 180 Kan. 485, 305 P.2d 823, 827–28 (1957); *Allstate Ins. Co. v. Evans,* 200 Ga.App. 713, 409 S.E.2d 273, 274 (1991); *Harmon v. State Farm Mutual Automobile Ins. Co.,* 232 So.2d 206, 207–8 (Fla.App.1970); *State Farm Mutual Automobile Ins. Co. v. Murphy,* 38 Ill.App.3d 709, 348 N.E.2d 491, 493–4 (1976); *Negron v. Eveready Ins. Co.,* 53 A.D.2d 815, 385 N.Y.S.2d 87, 88, *appeal dism'd,* 40 N.Y.2d 970, 390 N.Y.S.2d 921, 359 N.E.2d 429 (1976); *Liguori v. Allstate Ins. Co.,* 76 N.J.Super. 204, 184 A.2d 12, 16–17 (1962). *See generally,* Annotation, *Basis and Manner of Distribution Among Multiple Claimants of Proceeds of Liability Insurance Policy Inadequate To Pay All Claims in Full,* 70 A.L.R.2d 416, 417 (1960). *But see, Liberty Mutual Ins. Co. v. Davis,* 412 F.2d 475 (5th Cir.1969); *Brown v. United States Fidelity & Guaranty Co.,* 314 F.2d 675 (2d Cir. 1963); *Farmers Insurance Exchange v. Schropp,* 222 Kan. 612, 567 P.2d 1359 (1977).

ers had no duty to settle the Medinas' claims for $20,000 before the Lopez settlement or for more than $15,000 after the Lopez settlement. *American Physicians*, 876 S.W.2d at 842. The Medinas demanded $20,000 only *after* the Lopez settlement. Farmers was under no obligation at that time to offer to settle for an amount in excess of the remaining $15,000 policy limits. *Id.* On this record, there is no evidence that Farmers negligently rejected a demand within policy limits.

Nor is there any evidence that the Lopez settlement was itself unreasonable. It is undisputed that the Lopez claim, a wrongful death claim alleging negligence and gross negligence, had merit. Soriano contends only that the Lopez settlement was unreasonable when viewed in comparison to the more serious Medina claims. The fact that the Medinas' claims may be more serious is not evidence that the Lopez claim was unreasonable.[3] To be unreasonable, Soriano must show that a reasonably prudent insurer would not have settled the Lopez claim when considering solely the merits of the Lopez claim and the potential liability of its insured on the claim.[4] This standard is nothing more than what is required of an insurer under *Stowers*. We conclude that there is no evidence that Farmers' decision to settle the Lopez wrongful death claim for $5,000 was unreasonable.

Soriano argues that Farmers waived its complaint concerning the reasonableness of

the Lopez settlement by failing to object to the omission of the Lopez settlement in the jury issue on negligence.[5] We disagree. First, Farmers properly preserved its no evidence points, on which our decision today is based, through a motion for judgment notwithstanding the verdict and a motion for new trial. *See T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 220 (Tex. 1992). Second, Farmers objected to Special Issue No. 1 complaining specifically that:

> The problem I have with special issue number 1, is it doesn't address the central issue in this lawsuit and that is the settlement of the Lopez claim. It only addresses the settlement of Maria Medina and Carlos Medina;
>
> And nowhere in the charge does it address the central issue of this case that we spent five days on and that is the settlement of the Lopez claim ...;
>
> The entire case with respect to how the claims handling was handled and all the [expert] opinions address the issue of *whether or not the Lopez claim should have been settled* or not ... And to submit the issue as stated is contrary to the pleadings and the theory that this case has been tried upon. For those reasons, Defendant Texas Farmers Insurance Co. objects to the submission of special issue number 1.

We think these objections sufficient to point out distinctly Farmers' complaint that Spe-

---

**3.** Soriano contends that there is evidence in the record that the Lopezes would never have pursued their lawsuit because they were friends with the Soriano family, thus reducing the threat of an excess judgment against Soriano on the Lopez claim and reducing Farmers' *Stowers* liability as to the Lopez claim. We find this argument unpersuasive. The Lopezes had hired an attorney, filed a lawsuit for negligence and gross negligence seeking actual and punitive damages against Soriano, and offered to settle only a few weeks prior to trial. Under such facts, an insurer is not relieved of its duty under *Stowers* to respond reasonably to settlement demands of the claimant.

**4.** As in any case predicated on negligence, the insured must also offer evidence that the insurer's negligent failure to settle proximately caused damages to the insured. *See Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471–72 (Tex.1991); *Missouri Pacific R.R. Co. v. American Statesman*, 552

S.W.2d 99, 103 (Tex.1977). In this case, there is the very real possibility that no matter which claim was settled, the insured would face an excess judgment. Further, even if Farmers had settled the Lopez claim for a lesser amount, Soriano failed to offer any evidence that the Medinas would have settled for anything less than $20,000. Although Soriano had the burden of proving that he would have suffered a lesser amount of damages had Farmers behaved differently, Farmers has not raised a point of error on the issue of proximate cause.

**5.** Special Issue No. 1 asked:

> Was Texas Farmers Insurance Co. negligent in the manner in which it handled the claim asserted for the death of Maria Medina and the injuries to Carlos Medina against its insured, Richard R. Soriano, and was such negligence, if any, a proximate cause of the excess Judgment in Webb County, Texas, against Richard R. Soriano?

cial Issue No. 1 failed to consider the reasonableness of the Lopez settlement. *See* TEX. R.CIV.P. 274.[6]

We hold that there is no evidence that Farmers negligently failed to settle the Medinas' claims.

## B.

### Liability for Breach of the Duty of Good Faith and Fair Dealing

In addition to negligence, Soriano asserts that Farmers breached a duty of good faith and fair dealing by denying or delaying payment of a settlement demand without a reasonable basis for denying or delaying payment or by failing to determine whether there was a reasonable basis for the failure to settle or delay in settling.

 At the outset, we note that this Court has never recognized a cause of action for breach of the duty of good faith and fair dealing where the insurer fails to settle third-party claims against its insured. We first articulated the standard of care owed by insurers to their insureds in responding to claims made by the insured in *Arnold v. National County Mutual Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1988). Under *Arnold*, an insurer may breach its duty of good faith and fair dealing in refusing to pay a first-party claim where (1) the insurer has no reasonable basis for denying or delaying payment of the claim or (2) the insurer knew or should have known that there was no reasonable basis for denying or delaying payment of the claim. *Id.* We reiterated an insurer's duty of good faith and fair dealing to its insured in *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210, 213 (Tex.1988), and

most recently in *Lyons v. Millers Casualty Ins. Co.*, 866 S.W.2d 597, 599 (Tex.1993). Significantly, each of these cases involves the insurer's duty to its insured in handling first-party claims. We have never held and do *not* hold today that either of these two standards applies to insurers in responding to third-party claims. However, Farmers does not challenge whether Soriano has a claim for breach of the duty of good faith and fair dealing in failing to settle a third-party claim. *See Allstate v. Watson*, 876 S.W.2d 145, 149–50 (Tex.1993). Farmers only asserts that there is no evidence that it breached a duty of good faith and fair dealing because, as a matter of law, Farmers had a reasonable basis for not settling the Medinas' claims for more than $15,000.[7]

In reviewing the legal sufficiency of the evidence supporting a bad faith finding, this Court's focus is on the relationship the evidence arguably supporting the bad faith finding has to the elements of bad faith. *Lyons*, 866 S.W.2d at 600. In this regard, the evidence presented, viewed in the light most favorable to the insured, must be such as to permit at least the logical inference that the insurer had no reasonable basis to delay or deny payment of the claim. *Id.* Furthermore, the evidence must relate to the tort issue of no reasonable basis for denial or delay in payment of a claim, not just to the contract issue of coverage. *Id.*

As we stated above, no duty arose requiring Farmers to pay the Medinas the full $20,000 policy limits before the Lopez settlement. Again, the evidence shows, rather, that prior to the Lopez settlement Farmers had offered the full $20,000 to the Medinas which they refused. Only after the Lopez

---

6. Recognizing the import of Farmers' objection, Soriano's counsel argued that Special Issue No. 1 was proper stating:

 Our complaint is, under the evidence in this case, not so much that they settled Lopez in and of itself, but that by doing so they reduced the amount needed to take advantage of the offer to settle the other two claims and that's the way we choose to touch, I mean, I'm willing to ride on that. I think that's negligence in the way they handled—their failure to handle by settlement those two claims and so the idea about Lopez is just an evidentiary issue.

7. In addition, Farmers contends that there is no evidence of breach of the duty of good faith and fair dealing because it is undisputed that Farmers did not breach its contract of insurance. In fact, Soriano never even sued Farmers for breach of contract. In the absence of any evidence that Farmers breached its insurance contract with Soriano, Farmers argues that it cannot be liable as a matter of law for breach of the duty of good faith and fair dealing. Because of our disposition, however, we need not address this issue.

settlement reduced the available limits to $15,000 did the Medinas demand payment of the original $20,000 policy limits in settlement of their claims. As we have concluded above, Farmers was under no obligation to settle for more than the remaining $15,000. *See American Physicians,* 876 S.W.2d at 848–49. As a matter of law, Farmers had a reasonable basis for refusing to pay the Medinas more than the remaining $15,000 offered by Farmers and therefore did not breach a duty of good faith and fair dealing.

### III.

Because there is no evidence that Farmers was negligent or that it breached a duty of good faith and fair dealing, we reverse the judgment of the court of appeals and render judgment that Soriano take nothing.

DOGGETT, Justice, concurs in the judgment only.

HIGHTOWER, Justice, concurring.

I join the court's judgment in this cause. However, I disagree with the court's analysis of an insurer's duty to settle (including the requirement of a formal settlement demand within policy limits) for the reasons stated in parts V and VI of *American Physicians Ins. Exchange v. Garcia,* 876 S.W.2d 842 (Tex. 1994) (Hightower, J., dissenting, joined by Doggett, Gammage and Spector, JJ.).

CORNYN, Justice, joined by HECHT, Justice, concurring.

I concur in the court's judgment, and join in its opinion except for Part II.B. Contrary to the court's view, I would hold that the question of whether third-party insurers responding to settlement demands are subject to this duty has been preserved for our review. I would hold that Texas law recognizes only one tort duty in this context, that being the duty stated in *Stowers Furniture Co. v. American Indem. Co.,* 15 S.W.2d 544 (Tex.Comm'n App.1929, holding approved). *Cf. American Physicians Ins. Exch. v. Garcia,* 876 S.W.2d 842, 847 & nn. 10–11, 849 & nn. 14, 17–18 (Tex.1994) (discussing tort duties other than the duty to settle).

The court writes: "Farmers does not challenge whether Soriano has a claim for breach of the duty of good faith and fair dealing in failing to settle a third-party claim," 881 S.W.2d at 317, stating that, "Farmers only asserts that there is no evidence that it breached a duty of good faith and fair dealing." 881 S.W.2d at 317. The court then proceeds to search the record for any evidence to support this nonexistent cause of action, and concludes that there is none.

Whether Farmers owed Soriano a duty of good faith and fair dealing is plainly preserved by Farmers' first point of error: "The court of appeals erred as a matter of law in concluding that Farmers breached any legal duty in this case." Application for Writ of Error at 7. Moreover, Farmers argues that its no evidence points, including its challenge to the jury finding of bad faith, must be sustained because "the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact." *Id.* at 41 (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex.L.Rev. 359, 362–363 (April 1960)); *see also Juliette Fowler Homes, Inc. v. Welch Assoc., Inc.,* 793 S.W.2d 660, 666 n. 9 (Tex.1990) (quoting Chief Justice Calvert's formulation with approval). Farmers argues that because Texas law does not recognize a duty of good faith under these facts, the court cannot give any weight to the evidence claimed to support this duty. Finally, Farmers cites authority for the proposition that the "interpret[ation] by some" that the negligence standard set forth in *Stowers* is in fact a duty of "good faith" has been rejected in Texas. Application for Writ of Error at 32 n. 5. On this basis, I would hold that the issue of whether a duty of good faith and fair dealing exists in the present context has been preserved for our review.

The court also states: "At the outset, we note that this court has never recognized a cause of action for breach of the duty of good faith and fair dealing where the insurer fails to settle third-party claims against its insured." 881 S.W.2d at 317. I agree, but I would in this case hold that no such duty exists under Texas law. *See Ranger County*

*Mut. Ins. Co. v. Guin,* 704 S.W.2d 813, 818 (Tex.App.—Texarkana 1985), *aff'd,* 723 S.W.2d 656 (Tex.1987) ("Texas has rejected the good faith test of an insurer's liability which is used in the majority of the states in a case of this nature, and instead adopted a negligence [*Stowers* doctrine] standard.").[1]

The "no reasonable basis" standard applicable to the duty of good faith and fair dealing in the first-party context is the wrong test for third-party duty-to-settle claims. The "no reasonable basis" standard was developed to address the unique issues that accompany first-party claims. *See Aranda v. Insurance Co. of N. Am.,* 748 S.W.2d 210, 213 (Tex.1988). Under the duty of good faith and fair dealing, "as long as the insurer has a reasonable basis to deny or delay payment of the claim, even if that basis is eventually determined by the factfinder to be erroneous, the insurer is not liable for the tort of bad faith." *Lyons v. Millers Cas. Ins. Co.,* 866 S.W.2d 597, 600 (Tex.1993). The "no reasonable basis" standard recognizes that "carriers will maintain the right to deny invalid or questionable claims," and to test their validity in court. *Aranda,* 748 S.W.2d at 213. In the third-party setting, however, the claim is not that of the insured, but of the insured's adversary. In such circumstances, every reasonable demand within policy limits should be accepted by the insurer, unless the insurer, by taking the case to trial, is willing to gamble with its own money. A "bad faith" version of the duty to settle, like that imposed by some other jurisdictions,[2] would presumably supplant the negligence standard recognized in *Stowers,* and would result in the insured having to prove a higher level of culpability than would be required to prove

negligence. Rather than increasing the insured's burden by overruling *Stowers* and its progeny, I would hold that the *Stowers* doctrine is the exclusive common-law remedy available to an insured in this situation.

---

1. Notably, in *Arnold v. National County Mut. Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987), we recognized the existence of the *Stowers* duty, and could have imported the third-party negligence standard into the first-party context. The court did not do so, and the juxtaposition is striking:

 [An] indemnity company is held to that degree of care and diligence which a man of ordinary care and prudence would exercise in the management of his own business. *G.A. Stowers Furniture Company v. American Indemnity Company,* 15 S.W.2d 544, 548 (Tex. Comm'n App.1929, holding approved).

 A cause of action for breach of the duty of good faith and fair dealing is stated when it is

alleged that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or delay....

*Arnold,* 725 S.W.2d at 167.

2. A recent survey counted 21 states that require "bad faith" by the insurer, 5 that apply a negligence standard, and 17 that apply some combination of these standards. *See* STEVEN S. ASHLEY, BAD FAITH LIABILITY: A STATE-BY-STATE REVIEW 89–134 (1987); Kent D. Syverud, *The Duty To Settle,* 76 VA.L.REV. 1113, 1122 n. 20 (1990) (counting the states in Ashley's survey).