MID–CENTURY INSURANCE
COMPANY OF TEXAS,
Appellant,

v.

Alton B. CHILDS, Appellee.

No. 06–99–00060–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 8, 2000.

Decided Feb. 29, 2000.

Rehearing Overruled March 28, 2000.

Jeffrey Lee Hoffman, Pfeiffer, Vacek, Pfeiffer, Scruggs, Houston, for appellant.

Larry C. Hunter, Vidor, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

This is an appeal from a declaratory judgment in which the court declared that Mid–Century Insurance Company is obligated to defend Alton Childs in a personal injury lawsuit pending against him. The parties stipulated to the facts. Childs is an insured in a liability insurance policy issued by Mid–Century. Childs was involved in a three-car accident in which several people were injured. Mid–Century investigated the claims arising from that accident and concluded that Childs would be liable for multiple major injuries resulting from the accident. Mid–Century settled some of the claims against Childs, and in so doing, exhausted the policy limits for personal injuries, without settling with one of the injured claimants, Nicole Dodson. Dodson later sued Childs for personal injuries, and Mid–Century refused to provide Childs a defense, relying on a provision of the policy stating that the insurer's duty to defend the insured expires when the insurer has paid all benefits recoverable under the policy.

Mid–Century filed a suit for declaratory judgment asking the court to declare that it had no duty to further defend Childs. The court ruled against Mid–Century, finding that it was obligated to defend Childs (1) because it had only settled some of the claims and had not attempted to settle all potential claims, (2) because Mid–Century failed to act reasonably in settling the claims, and (3) because Mid–Century failed to prove that its limits of coverage for property damage had also been exhausted.

 We review declaratory judgments under the same standards that apply to other judgments and decrees. *Federal Deposit Ins. Corp. v. Projects Am. Corp.*, 828 S.W.2d 771, 772 (Tex.App.-Texarkana 1992, writ denied); *see* TEX. CIV. PRAC. & REM.CODE ANN. § 37.010 (Vernon 1997). Because the case here was tried on stipulated facts, we review the propriety of the declaratory judgment under the standards applied to judgments rendered on agreed statements of facts. *City of Galveston v. Giles*, 902 S.W.2d 167, 171 (Tex. App.-Houston [1st Dist.] 1995, no writ); *Federal Deposit Ins. Corp. v. Projects Am. Corp.*, 828 S.W.2d at 772. The trial court's conclusion, being one of law, will be upheld on appeal if it can be sustained on any legal theory supported by the evidence. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984).

 The first question is whether Mid–Century's contractual obligation to defend Childs ended when the policy limits for personal injury liability were paid. The policy provides:

[Mid–Century] will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. Property damage includes loss of use of the damaged property. Damages include prejudgment interest awarded against the covered person. We will *settle or defend,* as we consider appropriate, any claim or suit asking *for these damages.* In addition to our limit of liability, we will pay all defense costs we incur. *Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.*

(Emphasis added.)

Mid–Century contends that the trial court erred by finding that it continued to have a duty to defend Childs. The court based its judgment on findings that Mid–Century failed to include all potential claimants in the settlement. The court found that by settling only part of the claims and exhausting the available funds, Mid–Century created a conflict between itself and Childs, and that Mid–Century did not act reasonably because it failed to more fully investigate the remaining claim. The court's findings and conclusions of law also intimate that Mid–Century acted improperly by settling the claims, suggesting

that it did so only so it could cease representing Childs.

The court's findings and conclusions are not supported by the relevant law. Our Supreme Court in *Texas Farmers Ins. Co. v. Soriano*, 881 S.W.2d 312, 315 (Tex.1994), held that insurers may not be held liable for settling reasonable claims with one of several claimants under a liability policy, thereby reducing or exhausting the proceeds available to the remaining claimants. *Id.; see also Lane v. State Farm Mut. Auto. Ins. Co.*, 992 S.W.2d 545, 552 (Tex. App.-Texarkana 1999, pet. denied).

■ Childs makes no contention and presented no evidence that the settlement Mid–Century made with the claimants was unreasonable. Indeed, the stipulations reflect that the two settling claimants had combined medical expenses alone that totalled almost $50,000.00, the limit of the policy. The parties also stipulated that a reasonable insurance carrier would have concluded that the bodily injury claims of the settling parties were likely to expose Childs to an excess judgment. In light of those facts, it was reasonable for the insurer to settle promptly for the $50,000.00 limit of the policy.

We are bound by the Supreme Court's holding in *Soriano*. As previously stated, that court held:

> [W]hen faced with a settlement demand arising out of multiple claims and inadequate proceeds, an insurer may enter into a reasonable settlement with one of the several claimants even though such settlement exhausts or diminishes the proceeds available to satisfy other claims.

*Texas Farmers Ins. Co. v. Soriano*, 881 S.W.2d at 315. The Court based its conclusion on its reasoning that such an approach promotes the settlement of lawsuits and encourages claimants to make their claims promptly. *Id.* (citing *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 4 (Tex. 1986)). Further, the policy language clearly reflects the parties' intent to limit the duty to defend to the time before the policy limits are exhausted. *American States Ins. Co. of Texas v. Arnold*, 930 S.W.2d 196, 200 (Tex.App.-Dallas 1996, writ denied).

■ Because Mid–Century acted promptly in settling claims that, if taken to trial, would have probably resulted in an excess judgment against Childs, and because Mid–Century had the right to take action to avoid a *Stowers* claim,[1] we conclude that it acted reasonably in exhausting the policy limits, and that because such limits were exhausted, Mid–Century's obligation to defend Childs terminated.

■ The remaining question is whether the alternative reason given applies in this case. The trial court found that although the policy limits for personal injury had been exhausted, the duty to defend remained in force because there was no evidence that the policy limits for property damage had been exhausted. To justify such a finding, the term "this coverage" as used in the policy must be construed to mean both personal injury and property damage coverage, which would then require the insurer to provide a defense for both types of claims so long as any funds remain unpaid for either type of claim. Counsel for Childs has directed us to no authority in which this particular aspect of this question has been addressed.

■ Moreover, we believe the policy provision stating that "[w]e will settle or defend ... any claim or suit asking for these damages" indicates that the inten-

---

1. A *Stowers* duty is triggered by a settlement demand when: (1) the claim against the insured is within the scope of coverage; (2) the demand is within the policy limits; and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. *State Farm Lloyds Ins. Co. v. Maldonado*, 963 S.W.2d 38, 41 (Tex.1998); *G.A. Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App.1929, holding approved).

**190**

tion of the parties as expressed in the policy is that the insurer's duty to defend terminates when the policy limits are exhausted for the actual coverage sought in the claim made or suit filed. As noted, Nicole Dodson has not sought recovery for property damage, but only for personal injury. Since Dodson seeks only damages for personal injury, and it is undisputed that coverage for all such damages under the policy has been exhausted, there is no coverage available and the insurer has no duty to defend Childs against such claim. An insurer is not obligated to defend where the complaint on its face alleges a claim that is excluded from the coverage of the policy. *See Cook v. Ohio Cas. Ins. Co.,* 418 S.W.2d 712 (Tex.Civ.App.-Texarkana 1967, no writ); *International Serv. Ins. Co. v. Boll,* 392 S.W.2d 158 (Tex.Civ.App.-Houston 1965, writ ref'd n.r.e.); 46 TEX. JUR.3D *Insurance Contracts and Coverage* § 1018 (1995). Mid–Century exhausted its policy limits for the claims made against Childs, i.e., the claims for only personal injury. Based on the language of the contract, we conclude that under the circumstances of this case the insurer is not required to provide a defense when it has already paid the total available funds for the type of claim involved. *See* Annotation, *Liability Insurer's Duty to Defend Action Against An Insured After Insurer's Full Performance of Its Payment Obligations Under Policy,* 27 A.L.R.3d 1057 (1969).

Because we conclude that the trial court erred in its application of the law to the stipulated facts, we reverse the judgment below and render judgment declaring that Mid–Century is not obligated to defend Childs in Nicole Dodson's suit.