COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )     

ALBERTSON=S, INC.,                                         )                    No.  08-01-00329-CV

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                       70th District Court

                                                                              )

EYNA LARA,                                                       )                   of Ector County, Texas

                                                                              )

Appellee.                           )                         (TC# A-101,194)

 

O
P I N I O N

 

Albertson=s, Inc. appeals the trial court=s determination that a form certifying
the date of maximum medical improvement and impairment rating for an injured
former employee was insufficient to provide notice to the employee of her
impairment rating and thus had not become final despite her failure to dispute
the rating within ninety days as required under Texas Workers= Compensation Commission (TWCC) Rule
130.5(e).  We affirm.

FACTUAL AND PROCEDURAL SUMMARY








Eyna Lara was injured in the course and scope of her
employment with Albertson=s
on October 13, 1994.  On the date of
injury, Albertson=s was a
certified self-insured employer for purposes of workers=
compensation insurance.  On June 3, 1995,
Dr. Bob M. Hollander certified that Lara reached maximum medical improvement
(MMI) with a 5 percent impairment rating (IR), the first impairment certification
assigned to Lara=s
injury.  Lara received written notice of
Dr. Hollander=s report
in mid-July 1995, together with Form TWCC-69. 
The report was sent to Lara by Kathryn Thomas, the claims representative
for Albertson=s, who
had written the following notation on Form TWCC-69:  A(note:
not valid as TWCC approved chg of dr 5/31/95) K.T.@ 
At the time Dr. Hollander signed the report, the TWCC had already
approved Lara=s request
to change her treating doctor from Dr. Hollander to Dr. Weldon Butler.  Lara changed physicians because Dr. Hollander
had released her to return to light duty work despite the fact that she did not
feel she was able to do so.  

At
roughly the same time, Lara received Form EES-19 from the TWCC.  The form, dated July 14, 1995, notified Lara
that the Commission received a report from Dr. Hollander indicating she reached
MMI on June 3, 1995 and had an IR of 5 percent. 
It also provided the following instructions:

If you do not agree
with the certification of maximum medical improvement or the percentage of
impairment assigned for any reason, you must dispute these issues by contacting
the Commission within 90 days after you receive notice of the certification or
rating.  For
assistance, or if you have any question, call or write the field office
handling your claim or call 1-800-252-7031.

 

Lara
stipulated that she did not dispute Dr. Hollander=s
initial certification of MMI and IR until January 18, 1996--more than ninety
days after receiving his report.  She
also stipulated that if Form TWCC-69 containing Dr. Hollander=s MMI and IR certification had not
borne the handwritten note, then the certifications would have become final
pursuant to Rule 130.5(e) and her dispute was not timely. 








A
contested case hearing was conducted on May 16, 1996 concerning the finality of
Lara=s
impairment rating and the hearing officer concluded that the MMI and IR had not
become final.  Albertson=s appealed to the Texas Workers= Compensation Commission Appeals
Panel.  The panel reversed the order of
the hearing officer, concluding that because Lara did not timely dispute the
impairment rating pursuant to Rule 130.5(e), the maximum medical improvement
date and impairment rating had become final. 


On
October 2, 1996, Lara filed suit seeking judicial review.  Both sides filed motions for summary
judgment; the trial court denied Albertson=s
motion but did not rule on Lara=s.  It then conducted a non-jury trial on October
3, 2000 and accepted the agreed stipulations of the parties.  By final judgment dated May 22, 2001, the
trial court found as a matter of law that Lara=s
receipt of Form TWCC-69 did not constitute notice to her of the impairment
rating assigned by Dr. Hollander. 
Accordingly, the trial court found that the impairment rating did not
become final under 28 Tex.Admin.Code ' 130.5(e).  This appeal follows.

STANDARD OF REVIEW

Where
cases are tried on stipulated facts, we review de novo whether the trial
court correctly applied the law to the admitted facts.  See Highlands Ins. Co. v. Kelley Coppedge, Inc., 950 S.W.2d 415, 417 (Tex.App.--Fort Worth, 1997), rev=d on other grounds, 980 S.W.2d 462
(Tex. 1998); Sunwest Bank of El Paso v.
Gutierrez, 819 S.W.2d 673, 674 (Tex.App.--El Paso
1992, writ denied).  We limit our review
to the stipulated facts unless other facts are necessarily implied from the
stipulated facts.  Highlands Ins. Co.,
950 S.W.2d at 417. 
Because a trial court has no discretion in deciding the law or its
proper application, we accord less deference to the trial court here than we do
in applying other standards of review.  Id.  The trial court=s
conclusion will be upheld if it can be sustained on any legal theory supported
by the evidence.  Mid-Century
Ins. Co. of Texas v. Childs, 15 S.W.3d 187, 188 (Tex.App.--Texarkana
2000, no pet.).








THE 90-DAY RULE

The
applicable version of Texas Workers=
Compensation Commission Rule 130.5(e) in this matter, referred to as the A90-day rule,@
provided as follows:[1]

The first
certification of MMI and impairment rating assigned to an employee is final if
the certification of MMI and/or the impairment rating (IR) is not disputed
within 90 days after written notification of the MMI and IR is sent by the
Commission to the parties, as evidenced by the date of the letter, unless based
on compelling medical evidence the certification is invalid because of:

 

(1) a significant error on the part of the certifying doctor in
applying the appropriate AMA Guides and/or calculating the impairment rating;

 

(2) a clear mis-diagnosis or a
previously undiagnosed medical condition; or

 

(3) prior improper or inadequate treatment of the injury which
would render the certification of MMI or impairment rating invalid.

 

28 Tex.Admin.Code ' 130.5(e)(West
2000).

 








In
its sole issue on appeal, Albertson=s
argues that the 90-day rule has no Agood
cause@
exceptions and that an impairment rating assigned to an employee becomes final
if not disputed within 90 days.  It claims
that Form TWCC-69 was not misleading because the notation reflected only that
Lara changed treating doctors on May 31, 1995, not that the date of MMI or IR
was in any way affected. As support for its contention that the rule requires
strict application, Albertson=s
relies on Rodriguez v. Service Lloyds Ins. Co., 997 S.W.2d 248 (Tex.
1999).  There, the Supreme Court
determined that ad hoc exceptions developed by the Texas Workers= Compensation Commission Appeals Panel
were invalid because the plain language of Rule 130.5(e) provided no
exceptions.  Rodriguez, 997 S.W.2d at 256. 
Finally, Albertson=s
contends that even if we were to deem Form TWCC-69 insufficient notice of
impairment, Lara=s receipt
of Form EES-19 from the Commission triggered the 90-day period because it is
the Afunctional
equivalent@ of Form
TWCC-69.  Lara responds that notice of
the impairment rating is a fundamental requirement which must be satisfied
before Rule 130.5 operates to finalize an impairment.[2]









We
conclude the form presented to Lara did not constitute sufficient notice to
invoke the 90-day rule.  During the
trial, the presiding judge expressed concern about the misleading nature of the
handwritten note and whether it comported with notions of proper notice and
fairness in a proceeding.  While we are
not required to defer to the trial court=s
conclusions, we agree that 
a form containing the notation 
Anot valid@ may confuse or mislead an individual
about her rights and obligations. 
Indeed, Albertson=s
conceded during oral argument that the notation may be misleading.  Of course, Albertson=s
was responsible for this confusion and is estopped
from arguing on appeal that the form is valid when it clearly indicated to Lara
that it was not.  Despite what Albertson=s may have intended the notation to reflect, at the very least the words Anot
valid@ would
lead any individual to conclude that the form was somehow defective.  Consequently, Form TWCC-69 constitutes
insufficient written notification to Lara to trigger the 90-day rule under Rule
130.5(e).      Similarly, Form EES-19 provided to Lara around July 14, 1995 was
insufficient to trigger the 90-day rule. 
Lara stipulated that she received Form TWCC-69 and Form EES-19 in
mid-July 1995.  As in Form TWCC-69, Form
EES-19 listed Dr. Hollander as the treating doctor and indicated an IR of 5
percent and a MMI date of June 3, 1995. 
The second notice received at the same time and containing the same
erroneous information gives rise to such confusion about its validity that it
failed to provide Lara with sufficient written notification of her MMI and IR
to start the running of the 90-day dispute period. Because we find no error in
the trial court=s
application of the law to the stipulated facts, we overrule Albertson=s sole issue and affirm the judgment
finding that the impairment rating and corresponding date of maximum medical
improvement are not final.

 

July 25, 2002

                                                                        


ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]  Rule 130.5(e)
and other subsections of Rule 130.5 were repealed effective January 2, 2002,
and revised to include new provisions for requesting designated doctor
examinations related to maximum medical improvement and impairment
ratings.  See Tex. Admin. Code ' 130.5 (West 2002).                                                                          





[2]  Lara raises an
alternative argument on appeal to defend the trial court=s determination in her favor.  She urges us to follow a recent opinion
issued by the Austin Court of Appeals holding Rule 130.5 invalid because it
severely restricts the statutory period afforded an injured worker to achieve
maximum medical improvement.  Fulton v. Associated Indemnity Corporation, 46 S.W.3d 364,
372 (Tex.App.--Austin 2001, pet. denied).  Because Lara failed to challenge the validity
of the rule below, we decline to consider it here.